IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                 Case No. 21-CR-30068-SPM

JOSEPH P. COUNTS,

       Defendant.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are three Motions for Leave to Appeal *in forma pauperis* ("IFP") filed *pro se* by Defendant Joseph P. Counts. (*See* Docs. 278, 279, 281). On May 18, 2021, Defendant Counts was indicted with one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). (*See* Doc. 12). Following a jury trial held from September 20–21, 2024, the jury returned a verdict of guilty. (*See* Doc. 253). Defendant Counts's sentencing is scheduled for November 26, 2024. (*See* Doc. 271). Starting before trial and continuing after, Defendant Counts filed four separate appeals to the Court of Appeals for the Seventh Circuit. *See* Case Nos. 24-2421; 24-2470; 24-2484; 24-2505.[1] The instant Motions concern Case No. 24-2421. (*See* Docs. 278, 279, 281).

Motions for leave to appeal IFP are governed by the Criminal Justice Act, 18 U.S.C. § 3006A, and by Federal Rule of Appellate Procedure 24. Under the Criminal

---

[1] Defendant Counts voluntarily a Motion to Dismiss Case No. 24-2505 on September 2, 2024, which was granted by the Seventh Circuit on September 3, 2024. *See* Case No. 24-2505 (Docs. 4, 5).

Justice Act, the only inquiry that is relevant is the defendant's financial ability to retain counsel. *See* 18 U.S.C. § 3006A; *United States v. Dunham*, 922 F.3d 847 (7th Cir. 2019) (Wood, C.J., in chambers).

A party who desires to appeal IFP must also file a motion that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). Further, incarcerated individuals must provide documentation "certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in [his or her] name." *See* Motion and Affidavit to Proceed On Appeal Without Prepaying Fees or Costs (motion to proceed in forma pauperis), U.S. Dist. Ct. S.D. Ill., https://www.ilsd.uscourts.gov/forms-0 [https://perma.cc/2PBB-WLCJ] (last visited Sep. 4, 2024).

Defendant Counts includes the same text in all three filed Motions[2]; he includes an affidavit with the second Motion. (*See* Doc. 278, pp. 1–2; Doc. 279, pp. 1–2; Doc. 281, pp. 1–2; *see also* Doc. 279, pp. 3–8). However, he has not included a certified copy of his prison trust fund account(s) from the preceding six months, meaning that the Court cannot determine whether or not he is indigent.

Additionally, the Court has examined Defendant Counts's Notice of Appeal

---

[2] Apparently, Defendant Counts mailed four separate copies of his Motion "pursuant to Seventh Circuit instruction." (Doc. 278, p. 2; Doc. 279, p. 2; Doc. 281, p. 2).

(Doc. 239) and IFP Motions (Docs. 278, 279, 281). While Defendant Counts states in his Notice of Appeal for Case No. 24-2421 that "the detention order, the retention of counsel, and the motion in limine are being challenged while the only issue not up for appeal is the appeal for the motion to suppress," the Seventh Circuit has stated that "[o]nly this detention issue appears, potentially, to be subject to appeal before final judgment." Case No. 24-2421 (Doc. 4 (citing 18 U.S.C. § 3145(c)). Additionally, Attorney Jeffrey Goldfarb, Defendant Counts's trial counsel of record, states that "[w]hile the undersigned considers all of Appellant's appeal rights sacred, it is counsel's belief that there are no non-frivolous reasons for this matter to continue" and that "[f]ollowing the filing of this appeal and his conviction, counsel has explained to Appellant how and when he is able to file an appeal such that Appellant is now aware that this appeal will likely be dismissed by the Court." *Id.* (Doc. 5, p. 2). Moreover, Defendant Counts's Motion for Bond is now pending before this Court (*see* Doc. 259) and final judgment has not yet been entered. Considering the above, the Court holds that Defendant Counts's appeal is not taken in good faith and that it is not possible for "a reasonable person [to] suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).

Therefore, for the foregoing reasons, Defendant Counts's Motions for Leave to Appeal *in forma pauperis* (Docs. 278, 279, 281) are all **DENIED**.

**IT IS SO ORDERED.**

**DATED:   September 5, 2024**

<u>**s/ *Stephen P. McGlynn*   **</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**