IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JOSEPH P. COUNTS,<br><br>      Defendant. | Case No. 21-CR-30068-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Stay of Forfeiture Pending Appeal filed *pro se* by Defendant Joseph P. Counts. (Doc. 328). Defendant Counts requests for this Court to stay the forfeiture of a Rock River Arms, Model LAR-15M, 300 Black Out caliber rifle bearing serial number SM200243, and any and all ammunition contained therein. (*See* Doc. 291). The United States did not file a Response to the pending Motion. For the reasons set forth below, the Motion is **DENIED**.

### FACTUAL & PROCEDURAL BACKGROUND

On April 26, 2021, Law Enforcement Officers from the Illinois State Police encountered Defendant Joseph Counts when his vehicle was stuck on top of a rocky hill at 1:30 AM. (Doc. 236, p. 1). Officers stated that Defendant Counts smelled strongly of alcohol and had a pistol holstered inside the waistband of his pants. (*Id.*, p. 2). After a multi-hour standoff during which Defendant Counts continued to enter and exit his vehicle and brandished his weapon against multiple Officers, Defendant Counts was tased and apprehended. (*Id.*, pp. 3–5). He had a loaded .40 caliber Glock

pistol on his person and various firearms and magazines in his vehicle, including a loaded Bushmaster 5.56 caliber rifle, a Rock River Arms short-barreled rifle, a 9 mm Glock pistol, a .45 caliber Kimber pistol, and a number of magazines for all of the above. (*Id.*, p. 6). Defendant Counts admitted during interrogation that he had not registered the Rock River Arms short-barreled rifle after replacing the factory-made rifle upper with a shorter one. (*Id.*). He was subsequently charged with possession of an unregistered firearm in violation of 26 U.S.C. § 841, 5861(d), and 5871. (*See* Doc. 12).

Defendant Counts pleaded not guilty in June 2021. Defendant Counts's trial date was incrementally continued following this date for various reasons. Defendant Counts's jury trial was held on August 20 to 21, 2024. (*See* Docs. 249–50). At the conclusion of trial, the jury returned a verdict of guilty. (*See* Doc. 253). The Government filed a Motion for Preliminary Order of Forfeiture for the Rock River Arms short-barreled rifle on October 2, 2024 (Doc. 291), which this Court granted on the same day. (*See* Doc. 292). Defendant Counts was sentenced to time served on November 26, 2024. (*See* Doc. 320). He filed a timely notice of appeal on December 5, 2024. (*See* Doc. 323). He filed the instant Motion on December 10, 2024. (*See* Doc. 328). The Government did not file a response.

### LEGAL STANDARD

"Motions to stay forfeitures are governed by Rule 32.2(d) of the Federal Rules of Criminal Procedure." *United States v. Fisher*, No. 1:21-CR-231-02-TCB-CMS, 2024 WL 2001596, at *2 (N.D. Ga. Apr. 1, 2024), *report and recommendation adopted*, No. 1:21-CR-231-TCB, 2024 WL 2000633 (N.D. Ga. May 6, 2024); *see* FED. R. CRIM. P.

38(f). Rule 32.2 "permits a court to stay an order of forfeiture pending appeal 'on terms appropriate to ensure that the property remains available pending appellate review.'" *Fisher*, 2024 WL 2001596, at *2 (citing FED. R. CRIM. P. 32.2(d)). "The purpose of the provision is to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." FED. R. CRIM. P. 32.2(d) advisory committee's note to 2000 adoption. However, "Rule 32.2(d) is silent about which party bears the burden of showing that a stay is warranted." *Fisher*, 2024 WL 2001596 at *2. "It stands to reason, however, that the party seeking a stay . . . has the burden to show that a stay is warranted." *Id.*

There are four factors considered by district courts to determine whether a forfeiture order should be stayed: "(1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value to the defendant (i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited property." *Id.* at *2 (citing *United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011) (internal punctuation omitted); *United States v. Bradley*, 513 F. Supp. 2d 1371, 1380 (S.D. Ga. 2007). "Unsurprisingly, case-specific circumstances alter outcomes in this area of the law." *Fisher*, 2024 WL 2001596 at *2 (quoting *Bradley*, 513 F. Supp. 2d at 1380).

## ANALYSIS

Defendant Counts's Motion is threadbare at best. (*See* Doc. 328). Defendant Counts does not acknowledge or mention any of the four factors above. However, in the interest of justice, the Court will analyze those factors as applied to his request.

Regarding the first factor, the Court is not convinced that Defendant Counts has a high likelihood of success on appeal, which does not support granting a stay. Like in *Fisher*, "[t]he trial was fairly conducted, and both the applicable law and the evidence support [the Defendant's] convictions and the jury's verdict." *Fisher*, 2024 WL 2001596 at *3.

With respect to the second factor, Counts does not make any arguments about whether the Rock River Arms short-barreled rifle will or will not depreciate over time; as most assets depreciate after purchase, it is reasonable to assume that the firearm in question will do the same. Thus, this factor does not support granting a stay.

With respect to the third factor, it is clear that Defendant Counts has strong feelings his firearms based on his in various hearings before this Court. However, his Motion does not state why the Rock River Arms short-barreled rifle *specifically* has intrinsic value to him or why it is "unique or in any way meaningful" to him. *United States v. Peters*, 784 F. Supp. 2d 234, 236 (W.D.N.Y. 2011). Thus, this factor is also neutral at best.

Finally, regarding the fourth factor, maintaining the firearm in question will likely incur *de minimis* expenses, as it will only need to be stored in a secure location. This is unlike maintaining the vehicle or property at issue in *Fisher*. *See* 2024 WL 2001596 at *4 ("If the Court grants a stay, the condominium in Asheville, North Carolina where Fisher resided and the home where his daughter resides will either be vacant, leaving the properties subject to risks of vandalism or deterioration, or will be possessed by Fisher's friends or family members, who may have very little incentive to maintain the properties if the appeal remains pending after the third-

party claims are resolved in the Government's favor."). Thus, this factor likely supports a stay.

Therefore, considering the above, this Court holds that a stay of forfeiture is not warranted in this case because one factor is neutral at best, two do not support a stay, and one supports a stay.

## CONCLUSION

For the foregoing reasons, Defendant Joseph P. Counts's Motion for Stay of Forfeiture Pending Appeal (Doc. 328) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 14, 2025**

                                                      s/ *Stephen P. McGlynn*
                                                      **STEPHEN P. McGLYNN**
                                                      **U.S. District Judge**