# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 21-CR-30068-SPM |
| **JOSEPH P. COUNTS,** | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Reconsider Stay of Forfeiture and for Rehearing on the Facts (Doc. 348) filed *pro se* by Defendant Joseph P. Counts. Defendant Counts seeks reconsideration of this Court's January 14, 2025 Order (Doc. 335) denying his Motion to Stay Forfeiture Pending Appeal. (Doc. 328). For the reasons set forth below, the Motion is **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND

The Court will not belabor the factual and procedural background of this case; it has been discussed in exhaustive detail in a number of previous Orders. At the conclusion of his jury trial on August 21, 2024, the jury returned a verdict of guilty, finding that Defendant Counts was guilty of one count of possession of an unregistered firearm (a Rock River Arms short-barreled rifle) in violation of 26 U.S.C. § 841, 5861(d), and 5871. (*See* Docs. 12, 253). The Government filed a Motion for Preliminary Order of Forfeiture for the Rock River Arms short-barreled rifle on October 2, 2024 (Doc. 291), which this Court granted on the same day. (*See* Doc. 292).

This Court sentenced Defendant Counts to time served on November 26, 2024. (*See* Doc. 320). Counts filed a timely Notice of Appeal on December 5, 2024. (*See* Doc. 323). Counts filed his Motion to Stay Forfeiture Pending Appeal on December 10, 2024 (Doc. 238); it was denied by this Court on January 14, 2025 (Doc. 335). He filed the instant Motion on February 11, 2025. (*See* Doc. 348).

This Court first notes that motions for reconsideration are not contemplated by the Federal Rules of Criminal Procedure: "[n]o federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (citing *United States v. Healy*, 376 U.S. 75, 79–80 (1964)). That being said, the "motion for reconsideration" contemplated by the Seventh Circuit in *Townsend* was a motion contesting an imposed sentence, not a motion seeking reconsideration of an order on forfeiture. *See id.* Nevertheless, in the interest of justice, this Court will take up Counts's Motion.

Recall that "[m]otions to stay forfeitures are governed by Rule 32.2(d) of the Federal Rules of Criminal Procedure." *United States v. Fisher*, No. 1:21-CR-231-02-TCB-CMS, 2024 WL 2001596, at *2 (N.D. Ga. Apr. 1, 2024), *report and recommendation adopted*, No. 1:21-CR-231-TCB, 2024 WL 2000633 (N.D. Ga. May 6, 2024); *see* FED. R. CRIM. P. 38(f); (Doc. 335 (citing the same)). Rule 32.2 "permits a court to stay an order of forfeiture pending appeal 'on terms appropriate to ensure that the property remains available pending appellate review.'" *Fisher*, 2024 WL 2001596, at *2 (citing FED. R. CRIM. P. 32.2(d)). "The purpose of the provision is to ensure that the property remains intact and unencumbered so that it may be

returned to the defendant in the event the appeal is successful." FED. R. CRIM. P. 32.2(d) advisory committee's note to 2000 adoption. However, "Rule 32.2(d) is silent about which party bears the burden of showing that a stay is warranted." *Fisher*, 2024 WL 2001596 at *2. "It stands to reason, however, that the party seeking a stay . . . has the burden to show that a stay is warranted." *Id.*

As the Court previously discussed (*see* Doc. 335), there are four factors that this Court considers when determining whether a forfeiture order should be stayed: "(1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value to the defendant (i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited property." *Fisher* at *2 (citing *United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011) (internal punctuation omitted); *United States v. Bradley*, 513 F. Supp. 2d 1371, 1380 (S.D. Ga. 2007). "Unsurprisingly, case-specific circumstances alter outcomes in this area of the law." *Fisher*, 2024 WL 2001596 at *2 (quoting *Bradley*, 513 F. Supp. 2d at 1380).

In his Motion, Counts contests the Court's statement that his vehicle "was stuck on top of a rocky hill." (Doc. 335, p. 1). He states instead that Sergeant Ewing (the first officer on the scene) only "believed" that Counts was stuck. (*Id.*). Counts "believes correcting this factual inaccuracy will help reverse the denial of the stay of forfeiture by both dissolving minor or slight prejudice that results from any conflation between how Counts is viewed as a driver and how Counts is viewed as an owner of firearms" while simultaneously "improving the court's perception on how likely Counts is to prevail on appeal (suppression success increases)." (Doc. 348, pp. 1–2).

He also argues that he is likely to prevail on appeal because of an email he provides from Maine that relates to his criminal charges from 2016 and because "this court should not insult its brethren in the Seventh Circuit by presuming it will uphold the suppression denial based on sheer volume of precedent hinting a situation such as Counts' will occur." (*Id.*, p. 2). He also asserts that he must have the Rock River Arms firearm in question in order to "sit down with his children . . . to demonstrate and pass down all the knowledge and lessons he learned from both this instant action and those lessons Counts learned not pertaining to the law." (*Id.*, p. 3). He asks "[d]oes the court ever want to kneel down by a camp fire [sic] in front of its grandchildren telling stories that help procedure the most respect, care, and prudence using a replacement rifle?" and "[d]oes this court ever want to explain to its grandchildren why exactly its [sic] not the same rifle as the story depicts should it ever come up or be discovered, and what effect does this court think that explanation will have on grandchildren that are not their own?" (*Id.*).

Counts's Motion does not move the dial on the Court's analysis of the factors from its previous Order (Doc. 335). First, Counts's idiosyncratic insistence that his car was not actually "stuck" on the night of his arrest is immaterial to the Court's analysis of the first factor. (Doc. 328). As this Court noted in its previous Order, "[t]he trial was fairly conducted, and both the applicable law and the evidence support [the Defendant's convictions and the jury's verdict." *Fisher*, 2024 WL 2001596 at *3. Second, the email that he provides from officials in Maine and whether or not Counts "lacked the legal knowledge to communicate those conditions of release as **void ab initio** until June 2024 while detained on this very case 8 years later" (Doc. 348, p. 2)

does not alter the Court's analysis of the likelihood of Counts's success on the appeal of his conviction. Third, regarding the intrinsic value of the rifle in question, the fact that Counts wishes to possess the Rock River Arms rifle to use as a means to explain firearms safety to his descendants is not persuasive. That being said, even if this particular rifle is "unique or in any way meaningful" to him, *see United States v. Peters*, 784 F. Supp. 2d 234, 236 (W.D.N.Y. 2011), the first two factors of the analysis in *Fisher* would still indicate that a stay is not warranted here. Unlike the other weapons that Counts argues are family heirlooms, Counts does not provide a persuasive argument on why this particular Rock River Arms short-barreled rifle is unique such that, were his appeal to succeed and were his conviction vacated, it must be returned to him as irreplaceable.

Therefore, this Court declines to alter its denial (Doc. 335) of Counts's Motion to Stay Forfeiture Pending Appeal (Doc. 328). Counts's Motion to Reconsider Stay of Forfeiture and for Rehearing on the Facts (Doc. 348) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   February 13, 2025

*s/ Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
